

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| TRACFONE WIRELESS, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:09cv1031 (GBL/JFA) |
| ITRACFONE.COM, an Internet domain name, | ) ) ) ) | |
| Defendant. | ) ) ) | |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Docket no. 12). In this *in rem* action involving the domain name <itracfone.com>, the plaintiff TracFone Wireless, Inc. ("TracFone") seeks a default judgment ordering that the registry for the defendant domain name transfer the defendant domain name to a registrar who will transfer the registration for the defendant domain name to TracFone. Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On September 11, 2009, TracFone filed a complaint alleging a violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA"). (Docket no. 1). On October 5, 2009, TracFone filed a motion for service by publication. (Docket no. 5). On October 19, 2009, an Order was entered directing TracFone to provide notice of this action by publication in accordance with the ACPA. (Docket no. 8). On October 27, 2009, TracFone filed

a declaration describing its compliance with the court's Order to publish notice of action. (Docket no. 9). Other than the claim made by TracFone, no response, claim, or other pleading has been filed by anyone asserting any right or claim to the defendant domain name. On November 16, 2009, TracFone filed a request for entry of default (Docket no. 10) and on November 17, 2009, the Clerk entered a default against the defendant domain name (Docket no. 11). On November 30, 2009, TracFone filed a motion for default judgment with supporting declarations and noticed its motion for a hearing on January 8, 2010. (Docket nos. 12, 13). On January 8, 2010, counsel for TracFone appeared at the hearing on the motion for default judgment before the undersigned magistrate judge and no claimant appeared on behalf of the defendant domain name. During the hearing on January 8, 2010, counsel for TracFone requested leave to file a supplemental memorandum in support of the motion for default judgment and the hearing on the motion for default judgment was continued to January 22, 2010. (Docket no. 15). On January 15, 2010 TracFone filed a supplemental memorandum in support of its motion for default judgment (Docket no. 16) supported with a declaration of Cynthia A. Jacobs ("Jacobs Decl.") (Docket no. 17) and a declaration of Janet Shih Hajek ("Shih Hajek Decl.") (Docket no. 18). On January 22, 2010, counsel for TracFone appeared at the resumed hearing on the motion for default judgment before the undersigned magistrate judge and no claimant appeared on behalf of the defendant domain name.

## Factual Background

The following facts are established by the complaint (Docket no. 1), the motion for default judgment (Docket no. 12), the supplemental memorandum in support of motion for default judgment (Docket no. 16) with its supporting declaration from Ms. Jacobs and Ms. Shih Hajek (Docket nos. 17, 18). TracFone is a corporation organized and existing under the laws of

2

the State of Delaware, having its principal place of business in Miami, Florida. (Compl. ¶ 3). The defendant <itracfone.com> is an Internet domain name registered through Lead Networks Domains Pvt. Ltd ("Lead Networks"), which is based in India. (Compl. ¶ 4). As shown in the exhibits attached to the complaint, the registrant of the defendant domain name has utilized the "Private Whois Escrow Domains Private Limited" services so that their identity is not available to the public.

TracFone is a leading provider of prepaid cellular phone goods and services. (Compl. ¶ 9). Since its founding in 1996, TracFone has become the largest prepaid cell phone provider in the United States with over 14 million subscribers. (Jacobs Decl. ¶ 1).[1] TracFone's cell phones and prepaid phone cards are offered at nearly 70,000 retail stores throughout the United States, including Walmart, Dollar General, Kmart, Lowes, Office Depot, Sam's Club, Staples, Target and 7-Eleven. (Jacobs Decl. ¶ 4). TracFone's revenues were approximately $1.48 billion in 2008 and TracFone has approximately 400 employees in the United States. (Jacobs Decl. ¶ 13).

On November 18, 1997, TracFone registered with the U.S. Patent and Trademark Office the mark "TRACFONE" (U.S. Reg. No. 2,114,692) for goods and services related to the cellular phone industry. (Compl. ¶ 10; Jacobs Decl. ¶ 6). This registration for the TracFone Mark states that the first use in commerce in the United States was on June 30, 1996 and the registration is valid, subsisting and incontestable. (Jacobs Decl. ¶ 6). In addition, TracFone has numerous other United States trademark registrations for the TracFone mark including: TracFone International Neighbors; TracFone National Prepaid Wireless; TracFone Wireless, Inc.; TracFone Frequent Numbers; TracFone Vecinos Internacionales; TracFone Numeros Frecuentes; Refuel Your TracFone; and TracFone the Cell Phone that Puts You in Control. (Jacobs Decl. ¶

---

[1] The Jacobs Declaration contains two paragraphs that are designated with the number 1. This citation refers to the second paragraph with the number 1.

7). The TracFone Mark is arbitrary, has no meaning and does not describe TracFone's goods and services. (Jacobs Decl. ¶ 5). TracFone also owns domain name registrations for two domains incorporating the TracFone Mark: <tracfone.com> and <tracfoneblog.blogspot.com> (collectively, the "TracFone Domains"). (Compl. ¶ 1).

Since 1996, TracFone has made extensive use of the TracFone Mark by providing its services throughout the United States, including advertising on national television, radio and print advertisements. (Jacobs Decl. ¶ 8). TracFone began to promote and extensively use the TracFone mark on the Internet in 1997. (Jacobs Decl. ¶ 10). Through TracFone's extensive use of the TracFone Mark in commerce and its extensive promotion, the TracFone Mark represents to the consuming public the goods and services offered by TracFone as demonstrated by TracFone's 14 million subscribers in the United States and it having its goods and services offered in approximately 70,000 retail outlets. (Jacobs Decl. ¶ 9).

Subsequent to TracFone's use and registration of the TracFone Mark in the United States and without the consent of TracFone, the defendant domain name was registered with Lead Networks. (Compl. ¶ 13). The domain name <itracfone.com> is associated with a pay-per click website featuring links to competitors of TracFone and links to other websites that advertise or sell competing products and services. (Compl. ¶ 16; Jacobs Decl. ¶ 17). The website associated with the defendant domain name uses the TracFone Mark without TracFone's permission, including the use of ® in conjunction with the TracFone Mark. (Jacobs Decl. ¶¶ 18, 19).

On September 23, 2009, counsel for TracFone sent a copy of the complaint and exhibits to the registrant at the postal and e-mail addresses provided in the registrar's WHOIS database. (Docket no. 6, Exs. A, B). Pursuant to the court's October 19, 2009 Order, notice of this action was published in *The Washington Times* on October 23, 2009. (Docket no. 9, Ex. A).

Despite diligence on the part of TracFone to notify the registrant of this action by electronic mail, United States mail, and through publication in *The Washington Times*, no person has appeared or filed any pleading or made any claim to the defendant domain name in this case in response to TracFone's complaint.

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on the failure of anyone to file a responsive pleading or claim to the defendant domain name in a timely manner, the Clerk has entered a default. (Docket no. 11). A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

## Jurisdiction and Venue

A court must have both subject matter and personal or *in rem* jurisdiction over a defaulting defendant before it can render a default judgment. TracFone's claims arise under the ACPA, 15 U.S.C. § 1125(d), and this court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

The court has *in rem* jurisdiction over the domain name <itracfone.com> under 15 U.S.C. § 1125(d)(2). The first required element for *in rem* jurisdiction over a domain name is satisfied when the domain name violates any right of the owner of a mark registered with the Patent and Trademark Office. *See* 15 U.S.C. § 1125(d)(2)(A)(i). TracFone owns the federally-registered trademark "TracFone" and it claims that its rights in that mark are being violated by the registration and use of <itracfone.com>. The ACPA also conditions *in rem* jurisdiction upon a finding that the trademark owner: (a) is unable to obtain personal jurisdiction over a person who would otherwise be a defendant in a civil action under the ACPA; or (b) through due diligence cannot find the person who would have been a defendant in such an action, having sent that person postal and electronic notice of both the alleged violation and the owner's intent to sue. *See* 15 U.S.C. § 1125(d)(2)(A)(ii). TracFone is unable to obtain personal jurisdiction over the registrant, who otherwise would be the named defendant in this action, as it appears that the actual identity of the registrant is unknown and the registrar of the defendant domain name is located in India.

Venue is proper in this district under 15 U.S.C. § 1125(d)(2)(C)(i), which places venue for an *in rem* ACPA action in the judicial district in which the domain name's registrar, registry, or other domain name authority that registered or assigned the domain name is located. VeriSign, Inc., which has offices in Dulles, Virginia, within this district and division, is the exclusive registry controlling all domain names in the generic .com top-level domain, including <itracfone.com>.

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has *in rem* jurisdiction over the defendant domain name and that venue is proper in this court.

## Service

On September 23, 2009, TracFone sent a copy of the complaint to the registrant at both the postal and e-mail addresses provided in the registrar's WHOIS database. (Docket no. 6, Exs. A, B). Pursuant to the court's October 19, 2009 Order (Docket no. 8), TracFone published notice of this action in *The Washington Times* on October 23, 2009. (Docket No. 9, Ex. A). As set forth in published notice, any person claiming an interest in the defendant domain name was required to file an answer or other response to the complaint within twenty (20) days from the date of the publication of the Order in *The Washington Times*. The twenty-day time period for filing an answer or claim expired on November 12, 2009.

The ACPA provides that service of process in an *in rem* action may be accomplished by sending a notice of the alleged violation and intent to proceed under the ACPA to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar and by publishing notice of the action as the court may direct promptly after filing the action. 15 U.S.C. § 1125(d)(2)(B). TracFone has complied with these provisions and the undersigned recommends a finding that service of process has been accomplished in this action.

## Grounds for Entry of Default

Under Fed. R. Civ. P. 12(a), and as stated in the notice of this lawsuit, anyone asserting a claim to the defendant domain name was required to file an answer or response with the Clerk by November 12, 2009. No responsive pleading was filed by either the named registrant or anyone else claiming ownership of the domain name and on November 16, 2009 TracFone filed its request for entry of default (Docket no. 10). The Clerk of the Court entered a default on November 17, 2009. (Docket no. 11). Upon obtaining default, TracFone filed its motion for default judgment and noticed it for a hearing on January 8, 2010. (Docket nos. 12, 13).

TracFone provided the registrant with notice of the filing of the request for entry of default, the motion for default judgment, and the notice of the hearing on the motion for default judgment by electronic mail and airmail, postage prepaid. (Docket nos. 10, 12, 13). TracFone also provide the registrant with a copy of the supplemental memorandum and supporting declarations filed on January 15, 2010. (Docket no.16).

The undersigned magistrate judge recommends a finding that notice of this *in rem* action was provided properly, that no one filed a responsive pleading or claim to the defendant domain name in a timely manner, and that the Clerk properly entered a default as to the defendant domain name <itracfone.com>.

## **Liability and Relief Sought**

According to Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because no responsive pleading was filed, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6). The relief sought in the complaint is the transfer of control of the defendant domain name from the current registrar (Lead Networks) to another registrar (Network Solutions LLC) that will then provide for the transfer of the registration for the defendant domain name to TracFone. The notice published pursuant to the ACPA provided that one of the remedies available under the ACPA was the transfer of the domain name to the plaintiff in this action. (Docket no. 9, Ex. A).

To state a claim under the ACPA, TracFone must prove that <itracfone.com> and/or its registrant registered, trafficked in, or used a domain name with a bad faith intent to profit and that the domain name is either identical or confusingly similar to a distinctive mark owned by TracFone, or, upon a finding that a mark owned by TracFone is famous, that the domain is identical or confusingly similar to, or dilutive of, TracFone's famous mark. *See* 15 U.S.C. §

8

1125(d)(1)(A); *see also People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001). The registration of the TracFone Mark is *prima facie* evidence that the mark is at least descriptive and has acquired distinctiveness. *America Online, Inc. v. AT&T Corp.*, 243 F.3d 812, 816 (4th Cir. 2001). Moreover, registration number 2,114,692 for the TracFone Mark is incontestable under 15 U.S.C. § 1065 and provides conclusive evidence of distinctiveness. 15 U.S.C. § 1115(b); *Park 'N Fly, Inc v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 196 (1985). Further, secondary meaning exists where there are extensive advertising expenditures, sales successes, attempts to plagiarize a mark, and where a mark has been used exclusively for an extended period of time. *See, e.g., Perini Corp. v. Perini Constr. Inc.*, 915 F.2d 121, 125 (4th Cir. 1990).

Here, TracFone has been using the TracFone Mark in interstate commerce in connection with the promotion of its goods and services since 1996. (Jacobs Decl. ¶ 8). TracFone has invested substantially in advertising, marketing, and promoting its services under the TracFone Mark and has used the mark in channels of trade, including through the TracFone Domains. (Jacobs Decl. ¶¶ 8-10). Through TracFone's considerable investment in the TracFone Mark, TracFone has achieved significant sales and revenue. (Jacobs Decl. ¶ 13). Accordingly, the TracFone Mark is widely recognized by consumers throughout the United States for services emanating from TracFone. For these reasons the undersigned magistrate judge recommends a finding that the TracFone Mark is distinctive.[2]

The next consideration is whether <itracfone.com> is identical or confusingly similar to, the TracFone Mark. Based on the uncontested allegations in the complaint, the undersigned

---

[2] TracFone contends that the TracFone Mark is a famous mark under 15 U.S.C. § 1125(c)(2)(A). Given the finding that the TracFone Mark is distinctive and that the defendant domain name is confusingly similar to the TracFone Mark, it is unnecessary to address whether the TracFone has obtained the status of a famous mark under 15 U.S.C. § 1125(c)(2)(A).

magistrate judge recommends a finding that <itracfone.com> is confusingly similar to the TracFone Mark. The registration and use of <itracfone.com> is likely to cause confusion among the public, including customers of TracFone, because the "dominant or salient portions" of the TracFone Mark and <itracfone.com> are identical. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 936 (4th Cir. 1995). Accordingly, "a finding of likelihood of confusion is appropriate despite the fact that collateral portions of the mark may differ." *Atlas Copco AB v. Atlascopcoiran.com*, 533 F. Supp. 2d 610, 614 (E.D. Va. 2008) (finding that the addition of generic geographic terms to plaintiff's registered mark did not distinguish the defendant domain names from the registered marks) ("An internet user might reasonably assume that the geographic term 'CASPIAN' and 'IRAN' were added to the ATLAS COPCO trademark by the Plaintiffs to identify its geographic location."). The only difference between the TracFone Mark and the defendant domain name is the insertion of "i" before the TracFone Mark. A common use of a prefix "i" is to show an association with the use of the Internet and is similar to the addition of a generic geographic term.

Having recommended a finding that the TracFone Mark is distinctive and that <itracfone.com> is confusingly similar to the TracFone Mark, the court now turns to the question of whether the registrant registered or used <itracfone.com> with a bad faith intent to profit. For at least the following reasons, the undersigned recommends a finding that the registrant registered and has used <itracfone.com> with a bad faith intent to profit from the TracFone Mark:

1. The TracFone Mark, which the registrant has incorporated into <itracfone.com>, is distinctive;

2. The registrant has no valid trademark or intellectual property rights in the TracFone Mark or <itracfone.com> within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(I);

3. From the record before the court, it appears that <itracfone.com> does not consist of the registrant's legal name or in any way identify the registrant within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(II);

4. The registrant has not used <itracfone.com> in connection with the *bona fide* offering of any goods or services within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(III) since the use of the TracFone Mark was without permission from the mark's owner;

5. The registrant has not used <itracfone.com> for *bona fide* noncommercial purposes or within the fair use provisions of 15 U.S.C. § 1125(d)(1)(B)(i)(IV);

6. The registrant's intent in registering and using <itracfone.com> was to divert TracFone's customers to TracFone's competitors, profit from the distinctive nature of the TracFone Mark, and harm the goodwill of the TracFone Mark, within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(V);

7. The registrant has used the services of a private registration service to shield them from TracFone obtaining accurate contact information as to the true registrant which may be considered misleading within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(VII); and

8. The registrant listed in the WhoIs records has shown a pattern of registering domain names which the registrant knew were identical or confusingly similar to marks of others that were distinctive at the time of the registrant's registration of such other domain names, within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(VIII).[3]

---

[3] Given the use of a "Private WhoIs" service, the actual identity of the registrant is unknown. Therefore it is difficult to say with any certainty that the actual registrant is the same person or entity registering the domain names discussed in the Shih Hajek declaration.

The ACPA provides that, upon a finding of a violation, the court has discretion to cancel the domain name registration or order it transferred to the trademark owner. 15 U.S.C. § 1125(d)(1); *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 232 (4th Cir. 2002) ("Transfer or cancellation of the defendant domain name[] is the only remedy available under § 1125(d)(2)'s *in rem* provision"). For these reasons, the undersigned magistrate judge recommends a finding that the registrant's actions have violated the ACPA, and that an order be entered requiring the registry VeriSign, Inc. to transfer the registrar for the domain name <itracfone.com> from Lead Networks Domains Pvt. Ltd to Network Solutions LLC and ordering Network Solutions LLC to transfer the registration of <itracfone.com> to TracFone.

## NOTICE TO PARTIES

**Failure to file written objections to these proposed findings of fact and recommendations within fourteen (14) days after being served with a copy of the proposed findings of fact and recommendations may result in the waiver of any right to a *de novo* review of the proposed findings and recommendations and such failure shall bar you from attacking on appeal any findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error. A copy of these proposed findings of fact and recommendations shall be sent to the registrant of the domain name at Private Whois Escrow Domains Private Limited, Private Whois for 001P17030408, 707, C-Wing, 7th Floor, The Neptune Versova Society, Lokhandwala Complex, 4th Cross Road, Andheri (West), Mumbai, Maharashtra, 400053, India.**

Entered this 22ND day of January 2010.            /s/

John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia